MORGAN, LEWIS & BOCKIUS LLP
Michael D. Weil, Bar No. 209056
michael.weil@morganlewis.com
J.P. Schreiber, Bar No. 317829
jp.schreiber@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Jennifer Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
Anahi Cruz, Bar No. 324326
anahi.cruz@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:    +1.213.612.2501

Attorneys for Defendant
THE ELEVANCE HEALTH COMPANIES, INC.
(f.k.a. The Anthem Companies, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS E. BOCCONGELLA, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE ANTHEM COMPANIES, INC., an Indiana corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 5:23-cv-01698<br><br>**DEFENDANT THE ELEVANCE HEALTH COMPANIES, INC.'S (F.K.A. THE ANTHEM COMPANIES, INC.) NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Action Filed:     March 6, 2023 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** Defendant The Elevance Health Companies, Inc. (f.k.a. The Anthem Companies, Inc.) ("Defendant") hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. 23CV411828 in Santa Clara County Superior Court, State of California.

## I.   INTRODUCTION

1.   Removal to this Court is proper under 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater, (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants, and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million,[1] exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

## II.   PROCEDURAL BACKGROUND

2.   On March 6, 2023, Plaintiff Gladys Boccongella ("Plaintiff") filed an unverified putative class action complaint in the Superior Court of the State of California, County of Santa Clara, entitled *Gladys E. Boccongella, on behalf of herself and others similarly situated, vs. The Anthem Companies, Inc., an Indiana corporation; and Does 1 through 100, inclusive*, Case No. 23CV411828.

3.   On March 8, 2023, Plaintiff served Defendant personally with the Summons, Complaint, and Civil Case Cover Sheet. Copies of these documents, as well as the confirmation of personal service, are attached as Exhibits A-B to the Declaration of Michael D. Weil ("Weil Decl.") in support of Defendant's Notice of Removal.

///

---

[1] This Notice of Removal relies on the nature and amount of damages that Plaintiff's Complaint places in controversy. Defendant refers to specific damage amounts and cite comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. But Defendant maintains that Plaintiff's claims lack merit and that Defendant is not liable to Plaintiff or any member of the putative class for any amount whatsoever. Indeed, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

4.     On April 7, 2023, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court for the State of California, County of Santa Clara.  A true and correct copy of Defendant's Answer is attached here as Exhibit C to the Weil Decl.

5.     In her Complaint, Plaintiff asserts causes of action on behalf of herself and members of a "California Class" comprising of all members of the following subclasses, which are all contain either some or all of the non-exempt employees employed by Defendant in California at any time within the four years of filing of the Complaint—*i.e.*, since March 3, 2019. Weil Decl. Ex. A, Compl. ¶ 56.

6.     The Complaint alleges eleven causes of action: (1) failure to pay minimum wage; (2) failure to pay proper overtime wages; (3) failure to authorize or permit meal periods; (4) failure to authorize or permit rest periods; (5) failure to pay all accrued vacation and PTO wages; (6) failure to provide sick pay; (7) failure to indemnify employment-related losses and expenditures; (8) failure to pay timely wages during employment; (9) failure to timely pay wages at separation of employment; (10) failure to provide complete and accurate wage statements; and (11) unfair business practices.

7.     For purposes of this removal only, Defendant assumes the truth of Plaintiff's allegations.

**III.    REMOVAL IS TIMELY**

8.     On March 8, 2023, Plaintiff served the Complaint on Defendant through its registered agent for service of process. *See* Weil Decl., Ex. B. This Notice of Removal is timely because Defendant filed it within thirty days of service of the Summons and Complaint. 28 U.S.C. §§ 1446(b), 1453; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("[I]f the summons and complaint are served together, the 30-day period for removal runs at once.")

**IV.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA**

9.     The Complaint purports to state claims on behalf of Plaintiff and members of a putative class. Compl. ¶ 1. Thus, removal based on CAFA diversity jurisdiction is proper under

28 U.S.C. § 1441(a) if: (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs, (ii) diversity of citizenship exists between one or more plaintiffs and one or more defendants, and (ii) the aggregate number of putative class members is 100 or greater. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. As explained below, Plaintiff's Complaint satisfies these CAFA standards.[2]

### A. The Proposed Class Consists of More than 100 Members

10. Plaintiff asserts claims on behalf of herself a "California Class" comprising all the non-exempt employees employed by Defendant in California at any time within the four years of filing of the Complaint—*i.e.*, since March 3, 2019.  Compl. ¶ 56.

11. A review of Defendant's records shows that, based on Plaintiff's definition, the proposed class contains well over 100 prospective, current and former employees. Indeed, based on the class definition alleged in Plaintiff's Complaint, there are over 4,700 putative class members. Declaration of Cortney Deloart ("Deloart Decl.") ¶ 3.

12. Thus, the aggregate number of class members exceeds the jurisdictional threshold of 100 people. *See* 28 U.S.C. § 1332(d)(5)(B).[3]

### B. Defendant and Plaintiff Are Not Citizens of the Same State

13. To satisfy CAFA's diversity requirement, a party seeking removal must plead that one putative class member is a citizen of a different state than one defendant (i.e., so-called minimum diversity). 20 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (explaining that CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

---

[2] Defendant does not concede, and reserves the right to contest, Plaintiff's allegations that this action may proceed as a class action. In addition, Defendant does not concede and reserves the right to contest that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

[3] Defendant reserves the right to supplement or provide the Court with additional briefing or information necessary to appropriately assess CAFA's jurisdictional requirements. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (noting that a party may "cure[] its defective allegations…by amending its notice of removal.").

14. "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) (citing *Kanter*, 265 F.3d at 857). For purposes of diversity, citizenship is determined by the individual's domicile when the lawsuit is filed. *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).

15. Plaintiff admits that she "is and was a resident of California" and that Defendant employed Plaintiff "in the State of California." Compl. ¶¶ 4, 6. The Complaint does not allege any alternate state citizenship. *See generally* Compl.  Defendant's records show that Plaintiff's last known home address is in California. Deloart Decl. ¶ 4. Therefore, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

16. Moreover, the Complaint pleads claims on behalf of a putative class of individuals who worked for Defendant in California. Compl. ¶ 6. Thus, at least one putative class member is a citizen of California.

17. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meeting[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

18. Defendant The Elevance Health Companies, Inc. (f.k.a. The Anthem Companies, Inc.) is a corporation organized under the laws of the State of Indiana. Deloart Decl. ¶ 5.  Its principal place of business and corporate headquarters is in Indianapolis, Indiana, where its officers direct, control, and coordinate corporate activities. *Id.*  Thus, Defendant The Elevance Health Companies, Inc. (f.k.a. The Anthem Companies, Inc.) is a citizen of Indiana. 28 U.S.C. § 1332(c)(1).

19. For purposes of diversity jurisdiction under 18 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1-50" named in the Complaint is therefore immaterial to the jurisdiction inquiry.

20. Thus, the Complaint satisfies CAFA's minimal diversity requirement because Plaintiff and some other class members are citizens of California and Defendant is a citizen of Indiana. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount in Controversy Exceeds $5 Million

21. CAFA jurisdiction requires the aggregate value of the putative class members' claims to exceed $5 million (exclusive of interest and costs). 28 U.S.C. § 1332(d)(6).

22. Where, as here, a complaint does not plead a specific amount of damages, the petition for removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," consistent with the pleading standard under Rule 8(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); Fed. R. Civ. P. 8(a). "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

23. CAFA does not require a defendant "to comb through its records to identify and calculate the exact frequency of violations." *Danielsson v. Blood Centers of Pac.*, 2019 WL 7290476, at *7 (N.D. Cal. Dec. 30, 2019) (quoting *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015)). Nor does CAFA require a removing defendant to "research, state, [or attempt to] prove the plaintiff's claim for damages." *De Vega v. Baxter Healthcare Corp.*, 507 F. Supp. 3d 1214, 1217 (N.D. Cal. 2019) (citation and quotation marks omitted); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's conflation of "the amount in controversy with the amount of damages ultimately recoverable."). When assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made

in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 658 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

24. As explained below, the amount in controversy here easily exceeds $5 million.

### 1. Plaintiff's Ninth Cause of Action for "Failure to Timely Pay All Earned Wages. . . at Time of Separation of Employment" (Waiting Time Penalties) Alone Puts at Least $3,180,000 in Controversy

25. Plaintiff alleges that "Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days." Compl. ¶ 133. Under California Labor Code § 203, if an employer fails to pay all wages due upon termination in a timely manner, "the wages of the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days. Cal. Labor Code § 203.

26. Of the individuals who fall within Plaintiff's class definition, no fewer than 1,060 are former, full-time employees who separated from employment 30 or more days before the filing of the Complaint, *i.e.*, potentially entitled to full waiting time penalties pursuant to Cal. Labor Code § 203. Deloart Decl. ¶ 3. The average minimum wage in California during the relevant time period was more than $12.50.[4] *Id.* As such, the amount in controversy by Plaintiff's cause of action for Failure to Pay Wages at Time of Termination (Labor Code §§ 201-203) can be calculated as follows:

**$12.50 per hour * 8 hours per day * 30 days * 1,060 individuals = $3,180,000**

27. Thus, Plaintiff's cause of action for Failure to Timely Pay All Earned Wages puts at least **$3,180,000** at issue.

/ / /

/ / /

---

[4] The weighted average minimum hourly wage for the State of California during the limitations period serves as a conservative estimate of the average hourly rate of pay earned by the putative class members. However, Defendant regularly pays its non-exempt, hourly employees at a higher hourly rate of pay than the State of California minimum wage requirement. Nevertheless, Defendant will use the conservative estimate for the purposes of establishing the CAFA amount in controversy requirement is met.

**2.   Plaintiff's Tenth Cause of Action for "Failure to Provide Complete and Accurate Wage Statements" Puts $7,866,750 in Controversy**

28.   Plaintiff alleges that "[she] and Wage Statement Penalties Sub-Class members have suffered injuries" pursuant to Labor Code Section 226 for Defendant's alleged failure to provide accurate wage statements. Compl. ¶¶ 108-09. Under California Labor Code § 226(e), recoverable penalties are "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e).

29.   There were at least 3,085 putative class members who were employed for the entire year preceding the filing of the Complaint and received no fewer than 26 itemized wage statements each during such year.

30.   As such, the amount in controversy by Plaintiff's cause of action for Failure to Provide Accurate Itemized Wage Statements can be calculated as follows:

**[$50 per initial violation + ($100 per subsequent violations * 25 subsequent violations)] * 3,085 employees = $7,866,750**

31.   Thus, Plaintiff's cause of action for Failure to Provide Complete and Accurate Wage Statements puts **$7,866,750** at issue thereby satisfying the amount-in-controversy requirement of CAFA.

**3.   Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold**

32.   In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied. Plaintiff's First Cause of Action for Failure to Pay Wages for All Hours of Work at the Legal Minimum Wage alleges that Plaintiff and the "Minimum Wage Class" were not compensated for time spent booting up their computers for work, "which would take up to thirty minutes." Compl. ¶ 61. Plaintiff asserts that she and the putative Minimum Wage Class Members "are entitled to recover unpaid minimum wages" and "liquidated damages." *Id.* ¶ 63.

/ / /

33. Plaintiff's Second Cause of Action for Failure to Pay Proper Overtime Wages alleges that Defendant "failed to pay [Plaintiff and Overtime Class Members] at their overtime rate of pay for all the overtime hours they worked," and thus Plaintiff and the putative Overtime Class "have suffered damages in an amount subject to proof." *Id*. ¶¶ 72, 74.

34. Plaintiff's Third Cause of Action for Failure to Authorize or Permit Meal Periods alleges that Defendant "failed to provide employees with meal periods and/or pay meal period premium wages in compliance with the law," thus Defendant is "liable to Plaintiff, Meal Period Class Members, and Meal Period Premium Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods and/or pay proper meal period premium wages." *Id*. ¶ 85.

35. Plaintiff's Fourth Cause of Action for Failure to Authorize or Permit Rest Periods alleges that Defendant "employed policies and procedures which ensured Plaintiff, Rest Period Class members, and Rest Period Premium Class members did not receive premium wages, or premium wages at the regular rate, to compensate them for workdays that they did not receive legally compliant rest periods." *Id*. ¶ 93. Thus, Plaintiff alleges that she, as well as the putative Rest Period Class and Rest Period Premium Wages Class, "seeks damages and all other relief allowable, including a rest period premium wage for each workday Defendants failed to provide all required rest periods. . ." *Id*. ¶ 95.

36. Plaintiff's Fifth Cause of Action for Failure to Pay All Accrued and Vested Vacation/PTO Wages alleges that "Defendants terminated Vacation Pay Class Members and failed to pay all earned and vested vacation/PTO wages upon termination," and thus "Plaintiff and members of the Vacation Pay Class seek their earned and vested vacation/PTO wages." *Id*. ¶¶ 101, 103.

37. Plaintiff's Sixth Cause of Action for Failure to Provide Sick Pay alleges that Defendant "fail[ed] to pay Plaintiff and the Sick Pay Class for sick pay at the correct rate," and thus they "are entitled to recover these amounts." *Id*. ¶¶ 101, 103.

38. Plaintiff's Seventh Cause of Action for Failure to Indemnify Employees for Employment-Related Losses and Expenditures alleges that Defendant "failed to indemnify

employees for the necessary expenditures in the discharge of the duties," and thus Plaintiff and the putative Indemnification Class seeks "full indemnification" of those expenses. *Id.* ¶¶ 114, 116.

39. Plaintiff's Eighth Cause of Action for Failure to Pay Timely Pay Earned Wages During Employment alleges that Defendant "fail[ed] to timely pay Plaintiff and the Pay Day Class their earned wages in accordance with Labor Code section 204," and thus Plaintiff and the putative Pay Day Class "are entitled to recover civil penalties as follows: (1) for any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus twenty five (25%) percent of the amount unlawfully withheld." *Id.* ¶¶ 121, 123.

40. Additionally, Plaintiff seeks recovery of attorneys' fees. *See* Compl., Prayer for Relief. Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn. 6.

41. Defendants deny Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendants have already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

V.  **VENUE**

42. This action was originally filed in the Superior Court for the County of Santa Clara. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. §1441(a), because it

encompasses the county in which this action has been pending.

## VI. NOTICE

43. Defendant will promptly serve this Notice of Removal on Plaintiff and will promptly file and serve a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Santa Clara, in which the action is pending, as required under to 28 U.S.C. § 1446(d).

44. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Defendant as well as other documents filed in the state court action are filed concurrently with this Notice of Removal as exhibits to the Weil Declaration.

## VII. CONCLUSION

45. Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: April 7, 2023                              MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Michael D. Weil
    Michael D. Weil
    Jennifer B. Zargarof
    J.P. Schreiber
    Anahi Cruz

    Attorneys for Defendant
    THE ELEVANCE HEALTH
    COMPANIES, INC. (f.k.a. The Anthem
    Companies, Inc.)